**W. Raymond DENNEY et al., Petitioners-Appellees,**

v.

**PHILLIPS & BUTTORFF CORPORATION, Respondent-Appellant.**

No. 15491.

United States Court of Appeals
Sixth Circuit.

May 8, 1964.

William Waller, Sr., and Cecil Sims, Nashville, Tenn. (James Clarence Evans, Nashville, Tenn., on the brief), for appellant.

David M. Keeble and W. Raymond Denney, Nashville, Tenn. (Denney, Leftwich & Lackey, E. J. Walsh, Hooker, Keeble, Dodson & Harris, Nashville, Tenn., on the brief), for appellees.

Before CECIL and EDWARDS, Circuit Judges, and McALLISTER, Senior Circuit Judge.

PER CURIAM.

This appeal involves an ancillary proceeding growing out of a stockholders' derivative action previously before this Court in Maggiore v. Bradford, 6 Cir., 310 F.2d 519. This appeal is from an order of the United States District Court for the Middle District of Tennessee allowing fees and expenses to the attorneys who represented the minority stockholders in the original action. In this action the attorneys are the petitioners-appellees and Phillips & Buttorff Corporation is the respondent-appellant. We will refer to them as the petitioners and respondent, respectively.

The derivative action concerned the purchase by the respondent of 60,000 shares of stock, owned by the controlling stockholders, in Wm. R. Moore Dry Goods Company for $2,700,000. While the derivative action was pending and before it was assigned for trial, the officers and directors rescinded the purchase of the Moore stock. On the former appeal we held that the purchase of the stock, at least, constituted constructive fraud. On remand we instructed the District Court to require the defendants (officers and directors of the respondent) to pay to the respondent interest on $2,700,000 from the date of the commencement of the action to the date of rescission and to fix attorneys' fees for the petitioners. We held that the fact that the defendants rescinded the transaction before the court had an opportunity to pass upon the merits of the case would not defeat the right of counsel to compensation.

The trial judge entered judgment for interest in the sum of $40,800. Counsel for the respondent claim that this was the only fund recovered for the corporation. They further claim that under Tennessee law an allowance of attorneys' fees must be limited to an amount commensurate with this recovery. In support of this theory, counsel cite Southern v. Beeler, Atty.-Gen., 183 Tenn. 272, 195 S.W.2d 857. More relevant to the issue in this case is Grant v. Lookout Mountain Co., 93 Tenn. 691, 28 S.W. 90, 27 L.R.A. 98. There the court held that since the minority stockholders by their action had benefited the corporation, it was therefore responsible for proper and reasonable attorneys' fees.

The court further determined that the attorneys were entitled to a lien for their fees upon the land conveyed by the deeds which were canceled by the action of the minority stockholders.

It cannot be said that the cancellation of the purchase of the Moore stock did not result from the action of the minority stockholders. Its cancellation inured to the benefit of the corporation by restoring $2,700,000 in assets in lieu of the Moore stock. After the rescission of the purchase of the Moore stock, or its resale, the trial judge entered an order impounding $270,000 of the corporation's funds out of which attorneys' fees might be paid. This order was made without prejudice to the contentions of any of the parties.

The court granted judgment in favor of the petitioners for $235,000 attorneys' fees and for $6,227.98 expenses. The trial judge found that the services were of vast proportions and that they were effective. He took into consideration the time spent by the lawyers, the complexity of the legal questions involved, the results accomplished, the professional standing of petitioners, and the professional standing of respondent's lawyers. He viewed the transaction in its entirety based upon all the facts in the case. The judge also took into account the public policy aspect to stockholders' derivative actions, i. e., that they serve a good purpose and should be encouraged rather than discouraged.

While the fees allowed may seem to be large, the trial judge was familiar with the litigation from its inception and with the work and accomplishments of the lawyers. Three prominent lawyers from the local bar of Nashville testified that in their opinion a reasonable fee would range from $270,000 to $350,000. No witnesses from the legal profession were offered on behalf of the respondent. We are unable to say that the amount allowed is excessive.

The judgment of the District Court is affirmed.